UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 07 CR 843 |
| | ) | 05 GJ 991 |
| v. | ) | |
| | ) | |
| RONDELL FREEMAN, aka "Nightfall," "Fall" | ) | Chief Judge James F. Holderman |
| BRIAN WILBOURN, aka "Stay High," "3" | ) | |
| DANIEL HILL, aka "Little Burling," "Little B" | ) | |
| ADAM SANDERS, aka "Redman" | ) | |
| DEMARQUIS WILLIAMS, aka "Buck," "Marco" | ) | |
| SENECCA WILLIAMS, aka "Boo Boo" | ) | |
| REGINALD BOOKER, aka "Bob" | ) | |
| SYBLE MCCLUTCHEY, aka "Silver" | ) | |
| ROBERT FREEMAN, aka "G Rob," "Bob" | ) | |
| CLINT LINZY, aka "Big Shorty" | ) | |
| LONNIE MACK, aka "L Dub," "Dub," "4" | ) | |
| LANCE OLDEN, aka "LA" | ) | |
| TERRANCE SEWELL, aka "T Money" | ) | |
| DESHAWN SIMMONS, aka "Duke" | ) | |
| MARCELL THOMAS, aka "Lil Cell," "Cell" | ) | |
| DARNELL WILLIAMS, aka "Don D" | ) | |

**GOVERNMENT'S FIRST AND FINAL MOTION FOR AN EXTENSION OF TIME TO
RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United

States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18

U.S.C. § 3161(h)(8), for one 91-day extension of time, to and including April 16, 2008, in which to

seek the return of an indictment against the defendants, for the following reasons:

1.      This investigation was initiated in 2005, and involves at least 16 individuals whom

the government charged by way of complaint on December 17, 2007 with conspiring to possess with

intent to distribute and to distribute more than 50 grams of crack cocaine, in violation of Title 21,

United States Code, Section 846.  The defendants are alleged members of the Gangster Disciples

street gang, and the charged crack cocaine, heroin, and marijuana trafficking organization operated out of the Cabrini Green housing projects, in Chicago, Illinois for nearly a decade.

2.     Part of this investigation utilized Court-authorized Title III intercepts.  Thousands of phone calls were intercepted during the four, thirty-day wiretaps in this case, which occurred between mid-July and mid-November 2006.  Additionally, the government intercepted approximately two months' worth of oral communications and visual, non-verbal conduct and activities occurring within the condominium unit located at 5740 N. Sheridan Road, Unit 3E, which was used by the charged drug trafficking organization as a nerve center to cook, package, and store narcotics, as well as to count and store cash.  This investigation also used several confidential witnesses, and several controlled buys were conducted from many of the defendants.

3.     On December 18, 2007, seven of the sixteen defendants named in the complaint filed December 17, 2007 were arrested.  On December 19, 2007, one additional defendant was arrested, and on December 20, 2007, two more defendant was arrested.  On December 21, 2007, three additional defendants were arrested.  Three defendants are currently fugitives.  Of the thirteen defendants who have been arrested, eight are presently in custody, and five have been released on bond.  Of the thirteen defendants who have been arrested, four requested preliminary hearings, which were held on January 10, 2008 before Magistrate Judge Schenkier.  Magistrate Judge Schenkier found probable cause as to all four.

4.     A number of factors have led to the government's request for extension.  Those factors are stated in the Attachment hereto, which the government respectfully requests be placed under seal.  The government is requesting that this Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

5.     Given the number of defendants involved (sixteen currently, with more likely to be added), the length of time that this investigation has been ongoing (two years), and the additional reasons stated in the government's sealed Attachment, the thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against a defendant based on his arrest will not be sufficient.  The United States estimates that one 91-day extension from the current expiration date of January 16, 2008, to and including April 15, 2008, will be sufficient time within which to return an indictment in this matter. The government does not plan to seek another extension of time to indict in this case.

6.     Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(8)(B), which provide in relevant part:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because . . . the facts upon which the grand jury must base its determination are unusual or complex; [and]

> Whether the failure to grant such continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would deny counsel for . . . the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(8)(B)(ii), (iv).

7.     The government respectfully submits that one 91-day continuance is warranted in this case pursuant to the forgoing provisions.  The government has been conducting a diligent and thorough investigation in this case, but the investigation includes 16 (charged) defendants and thousands of intercepted phone calls, and additional factors warranting an extension of time (as cited in the government's Attachment) exist.  The government cannot complete its investigation and appropriately conclude the investigation within the time allowed under Section 3161(b) of the

Speedy Trial Act as currently extended.

8. Following telephone calls made over the past week, counsel for ten of the thirteen arrested defendants have represented that they do not object to this motion.  Of the three who do object, Steven Saltzman, counsel for Terrance Sewell, has related that he has no objection to a 60-day extension of time in exchange for early discovery, unless his client is released onto bond, in which case he has no objection to the requested 90-day extension.[1]  Ellen Domph, counsel for Demarquis Williams, has related that she objects to any extension of time.[2]  James Tunic, counsel for Adam Sanders, has related that he objects to an extension of time.  The government has begun the process of providing discovery to each defendant's counsel.

---

[1]  Although defendant Sewell is currently in custody, Magistrate Judge Schenkier granted defendant Sewell an unsecured bond in this case provided he can procure a co-signor for the bond.  During government counsel's last conversation with Mr. Saltzman, which occurred on Thursday January 10, 2008, he reported that he may have found a co-signor for the bond, and stated that he would attempt to notice up the matter before Magistrate Judge Schenkier Monday, January 14, 2008, or shortly thereafter.

[2]  It should be noted that Ms. Domph's client, Demarquis Williams, is currently incarcerated in the Illinois Department of Corrections ("IDOC") serving a 4- year prison sentence for possession of heroin.  He is not eligible for parole until October 17, 2008, according to the IDOC's website, and is in federal detention pursuant to a writ.  Accordingly, even if he were not facing federal charges, he would remain in custody pursuant to his state prison sentence until October 2008.

WHEREFORE, the United States respectfully requests one 91-day extension of time from January 16, 2008 to and including April 15, 2008 in which to seek an indictment in this case.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:     s/Rachel M. Cannon
RACHEL M. CANNON
Assistant United States Attorney
United States Attorney's Office
219 South Dearborn Street
Chicago, Illinois  60604
(312) 353-5357

Dated: January 11, 2008

## <u>CERTIFICATE OF SERVICE</u>

The undersigned Assistant United States Attorney hereby certifies that the following documents:

## <u>GOVERNMENT'S FIRST AND FINAL MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)</u>

were served on January 11, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

By:    s/Rachel M. Cannon
RACHEL M. CANNON
Assistant United States Attorney
312-353-5357