IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 07 CR 843 |
| | ) Honorable Joan Lefkow |
| CLINT LINZY, ET AL, | ) Presiding Judge |

### DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

Now comes Defendant, CLINT LINZY, by his attorney, ROBERT S. NATHAN, AND respectfully moves this Court, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure respectfully moves this Honorable Court to enter an Order providing the defendant with a bill of particulars. In support of this motion, the defendant states the following:

   1. Defendant Clint Linzy is charged in Counts One, Twenty Five, Twenty Six, Twenty Eight And Twenty Nine of a Thirty Five Count Indictment. The conspiracy count, Count One, alleges that Linzy conspired with fifteen other persons to possess with intent to distribute more than 50 grams of crack cocaine, more than 5 kilograms of a mixture containing powder cocaine, and more than 1 kilogram of heroin.
   2. The government has tendered to the defense thousands of recorded conversations and meetings and thousands of pages of written discovery. After careful review of the discovery, counsel is unable to find any evidence to suggest that Mr. Linzy was part of the alleged conspiracy. The only information counsel has been able to locate is that Mr. Linzy had several conversations on Target phone 7

concerning police presence in the area of 1230 North Burling. Criminal Complaint ¶¶196-208.

3. Under 21 U.S.C. § 846, a conspiracy exists where "(1) two or more people agreed to commit an unlawful act and (2) the defendant knowingly and intentionally joined in the agreement." United States v. Gardner, 238 F.3d 878, 879 (7th Cir. 2001). A drug conspiracy is proved with evidence of "a shared interest in continued sales over time." United States v. Carillo, 435 F.3d 767, 775 (7th Cir. 2006) (citations omitted).

4. A request for a bill of particulars should be granted if the "indictment fails to set forth the elements of the offense charged and sufficiently apprise the defendant of the charges to enable him to prepare for trial." United States v. Falcon, 347 F.3d 1000, 1002 (7th Cir. 2003) (citations omitted).

5. The instant indictment does not sufficiently apprise Mr. Linzy of the charges to enable him to prepare for trial. It describes no overt acts committed by him which advanced the conspiracy. Nor does it describe any criminal agreement entered into by Linzy which supported the conspiracy.

6. The Seventh Circuit has held that a bill of particulars is not required when the information a defendant needs to prepare his defense is available through "some other satisfactory form," such as discovery. See United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1992). However, in the case at bar, the discovery provided by the government fails to provide Mr. Linzy with the information needed to prepare a defense.

WHEREFORE, based on the foregoing, the defendant respectfully moves this Honorable Court to order the government to provide a bill of particulars on its allegations in Count One.

REQUESTS

1. Identify all acts (including time, date, place and persons present) committed by Mr. Linzy which support the charged conspiracy.

      2. Identify all acts (including time, date, place and persons present) committed by Linzy's co-defendants which the government believes supported, aided or abetted Heard in his illegal activity or are otherwise attributable to Mr. Linzy.

      Respectfully submitted,

      "s/Robert S. Nathan"

Robert Nathan

Attorney for Clint Linzy

53 W. Jackson

Suite 1556

Chicago, Illinois 60604

(312) 371-3600.